

# THE ATTORNEY GENERAL
## OF TEXAS

Honorable Wm. J. Lawson
Secretary of State
Austin, Texas

Dear Sir:                                    Att'n: Mr. Will Mann Richardson

Opinion No. O-3433
Re:   May a corporation formed
under Art. 1434a amend its
charter so as to include in
its purpose clause the fur-
nishing of sewage service on
a non-profit basis?  (Nueces
Naval Base Water Supply Cor-
poration)

Your request for our opinion on the herinabove captioned
question has been received by this Department.  We quote from
your letter as follows:

"The above named corporation was incorporated
in November of last year as a non-profit company to
supply water to the Naval Training Station near Cor-
pus Christi.  The corporation is formed under the
authority of Article 1434a which is a special act
passed by the 43rd Legislature, first called session.

"This corporation now wishes to extend its powers
and also furnish swegage to the Naval Base on a non-
profit basis.  The attorneys for the corporation have
pointed out that Subdivision 93 of Article 1302 states
that private corporations may be created for, or after
being created, charters may be amended to include the
supply of water and sewage service to the public.  This
subdivision was passed by the 42nd Legislature in 1931.

"We request an opinion from your Department as to whether a corporation fromed under Article 1434a may amend its charter so as to include in its purpose clause the furnishing of sewage service on a non-profit basis."

Article 1434a, Vernon's Annotated Civil Statutes of Texas, provides as follows:

Sec. 1. That on and after the passage of this Act three or more persons who are citizens of the State of Texas may form a corporation for the purpose of furnishing a water supply to towns, cities and private corporations and individuals and may provide in the charter of such corporation that no dividends shall ever be paid upon the stock and that all profits arising from the operation of such business shall be annually paid out to cities, towns, corporations and other persons who have during the past year transacted business with such corporation, in direct proportion to the amount of business so transacted provided that no such dividends shall ever be paid while any indebtedness of the corporation remains unpaid; and provided also that the directors of such corporation may allocate to a sinking fund such amount of the annual profits as they deem necessary for maintenance, upkeep, operation and replacements.

"Sec. 2. The said corporation is hereby vested with power to negotiate and contract with any and all Federal Government agencies including, without exclustion becuase of enumeration, the Emergency Conservation Acts, Public Works Acts, Self- Liquidating Acts, Housing Unit Acts, Colonization Acts, Conservation Acts, Emergency Relief and Reconstruction Acts, and the Reconstruction Finance Corporation as credited under the terms of Reconstruction Finance Corporation Act of January 22nd, 1932, Acts of the 72nd Congress of the United States of America, First Session, for the acquisition, construction, and/or maintenance of such project and improvements; to obtain money from such Federal Goverment agency for the purpose of financing said acquisition, and encumber the properties so acquired or constructed and the income, fees, rents and

other charges thereafter accruing to the said corporation in the operation of said properties; and to evidence the transation by the issuance of bonds, notes, or warrants to secure the funds so obtained. But it is hereby expressly provided that the bonds, notes, and/or warrants so issued shall not constitute general obligation or indebtedness of the said corporation, but shall represent solely a charge upon specifically encumbered properties and the revenue therefrom, as herin provided.

"Sec. 3 The persons applying for a charter for such corporation shall make application to the Secretary of State in the manner how provided by law for private corporations and in the name designated for such corporation shall use the words "Water Supply Corporation." Each holder of stock in such corporation shall be given a certificate which shall entitle him to one vote in the conduct of the affairs of the corporation and each incorporator shall be a member of the Board of Directors which shall be a permanent body. Upon the death or resignation of a member of the Board of Directors his stock in such corporation shall be cancelled and a successor elected by a majority vote of the directors remaining. The application for charter shall name all the members of the Board of Directors. The number of directors may be increased from time to time by charter amendment but there shall never be more than twenty one members of said Board.

"Sec. 4. Such Water Supply Corporation shall have the right to purchase, own, hold and lease and otherwise acquire water wells, springs and other sources of water supply, to build, operate and maintain pipe lines for the transportation of water, to build and operate plants and equipment necessary for the distribution of water and to sell water to towns, cities and other political subdivisions of the State of Texas, to private corporations and to individuals. Such corporations shall have the right of eminent domain to acquire rights-of-way and shall have the right to use the rights-of way of the public highways of the State for the laying of pipe lines under supervision of the State Highway Commission.

Hon. Wm. J. Lawson, page 4

"Sec. 5 Upon the issuance of a charter and annually thereafter on the First Tuesday in January the Board of Directors shall elect a President, a Vice-President, and a Secretary-Treasurer and shall require of such officers bonds for the faithful performance of their duties. The salaries of all the officers of said corporation except that of the Secretary-Treasurer and of the Manager whose salary is hereinafter referred to, shall not exceed Five Thousand ($5,000.00) Dollars per year. The salary of the Secretary-Treasurer shall be fixed by the Board of Directors at a sum commensurate with the duties required of him.

"Sec. 6. The business of the corporation shall be handled under the direction of the Board of Directors, by a manager to be elected by a majority vote of the Board and he shall be employed at a salary to be fixed by the Board of Directors.

"Sec. 7. The Board of Directors may employ counsel to represent said corporation and may by agreement with him fix an annual retainer and the fees to be paid for his services and said Board of Directors may if they deem it necessary employ additional counsel from time to time.

"Sec. 8. The Board of Directors shall select as depository for the funds of said corporation, a National Bank within the State of Texas and shall require of said depository such bond as the Board deems necessary for the protection of said corporation; and such funds as the Board of Directors may from time to time allocate to the sinking fund for replacement, amortization of debts and the payment of interest which shall not be required to be expended within the year in which the same is deposited, shall be invested in bonds or other evidence of indebtedness of the United States of America or deposited at interest in such National Bank in a Savings account." (Underscouring ours)

This act was passed by the 43rd Legislature at the 1st called session in 1933. (Acts 1933, 43rd Legislature, 1st C.S. p202, Ch. 76.)

Hon. Wm. J. Lawson, page 5

That the furnishing of "a water supply" is the only pur-
pose for which a corporation may be formed under said article,
is apparent from the clear and unambiguous language of the
act.

It appears that the proponents of the proposed amendment
did not question their inability to amend the charter if they
must look exclusively to the powers conferred by Article 1434a.
They base their right to amend, however, on the provisions of
subdivision 93 of Article 1302, Vernon's Annotated Civil
Statutes of Texas, which reads as follows:

"Private corporations may be created for,
or after being created, charters may be amended to
include the supplying of water and sewerage service
to the public."

Said subdivision is a part of the general incorporation
statutes dealing strictly with the purposes for which private
corporations may be organized. Articles 1434a, on the other
hand, is a separate and distinct act, not a part of Title 32
of the Revised Civil Statutes of 1925, dealing with private
corporations and is not a amendment to any article in said
title.

The type of corporation contemplated under the provisions
of Article 1434a is in the nature of a quasi public corporation
with the power of eminent domain and operation on a non-profit
basis. The only powers which such a corporation can exercise
are those conferred by the provisions of the act authorizing
its creation. None of the provisions dealing with the general
incorporation laws of Texas are applicable to a corporation
organized under said article.

You are respectfully advised, therefore, that it is the
opinion of this Department, under the facts stated, that cor-
poration formed under Article 1434a for the purpose of supplying
water on a non-profit basis is not authorized to amend its
charter so as to include within its purpose clause the furnish-
ing of sewerage on a non-profit basis.

Very truly yours

ATTORNEY GENERAL OF TEXAS

EP:N

APPROVED JUN 15, 1941

s/Glenn R. Lewis
Acting ATTORNEY GENERAL

By s/Edgar Pheil
Assistant

APPROVED
Opinion
Committee

BY    s/BWB